**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1548**

MARICHMAN BUDHA MAGAR,

        Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 14, 2016      Decided: March 3, 2016

Before WILKINSON, DUNCAN, and KEENAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Khagendra Gharti-Chhetry, New York, New York, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Keith I. McManus, Senior Litigation Counsel, Tracie N. Jones, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marichman Budha Magar, a native and citizen of Nepal, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ) order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

To be eligible for asylum, Magar must show that he has a well-founded fear of persecution on account of a protected ground if he returns to Nepal. Hui Pan v. Holder, 737 F.3d 921, 927 (4th Cir. 2013). Magar can meet his burden either by establishing his past persecution or a well-founded fear of future persecution. Id. Magar faces a higher burden of proof to establish entitlement to withholding of removal because he must show a clear probability of persecution on account of a protected ground. Djadjou v. Holder, 662 F.3d 265, 272 (4th Cir. 2011). If Magar fails to prove his eligibility for asylum, he is also ineligible for withholding of removal. Id.

The IJ, after "[c]onsidering the totality of the circumstances, and all relevant factors," may make an adverse credibility determination based on the plausibility of the applicant's account, the consistency between the applicant's written and oral statements, the internal consistency of each such statement, the consistency of such statements with other

2

evidence of record, or any other relevant factor. 8 U.S.C. § 1158(b)(1)(B)(iii) (2012); Hui Pan, 737 F.3d at 928. A credibility determination may rest on any relevant factor, even one that does not "go[ ] to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "The existence of only a few such inconsistencies, omissions, or contradictions can be sufficient" to support an adverse credibility finding. Djadjou, 662 F.3d at 273-74.

The scope of our review is narrow. Hui Pan, 737 F.3d at 926. We will affirm so long as the decision "is not manifestly contrary to law." Id. (internal quotation marks omitted). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2012). We must affirm a determination regarding eligibility for asylum or withholding of removal that is supported by substantial evidence in the record considered as a whole. INS v. Elias Zacarias, 502 U.S. 478, 481 (1992). We will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 483-84.

We conclude that substantial evidence supports the IJ's adverse credibility finding, particularly in light of the fact that Magar gave different accounts of what caused him to leave Nepal, which is not a minor detail. We also conclude that

3

substantial evidence supports the finding that Magar did not establish eligibility for asylum or withholding of removal through independent evidence. Ilunga v. Holder, 777 F.3d 199, 213 (4th Cir. 2015). Additionally, to the extent Magar challenges the denial of protection under the CAT, we conclude that the decision is supported by substantial evidence.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED